LELAH A. SUTTON ET AL., APPELLEES, V. CHARLES L. WOOD ET AL.: FARMERS SECURITY BANK OF MAYWOOD, APPELLANT.
280 N. W. 458

FILED JUNE 24, 1938. No. 30316.

*F. J. Schroeder,* for appellant.

*H. A. Bryant, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a suit to partition 80 acres of land situated in Saunders county. When Mary M. Wood was owner of the

land, she died intestate October 29, 1922. It was the homestead of herself and her husband Charles L. Wood. By the statute of descent he acquired a life estate and one-third of the estate in remainder. One-third of the remainder went to the daughter Lelah A. Sutton and the other third to the son Earl Wood. The county court so decreed.

Lelah A. Sutton and Harry E. Sutton, her husband, plaintiffs, brought this suit against all other persons having interests in the land or liens thereon, including Charles L. Wood.

Plaintiffs had recovered a judgment against Charles L. Wood for $2,277.21, which was a first lien on his estates, and the Farmers Security Bank of Maywood, defendant, had recovered another judgment against him for $2,319.84, which was a second lien. These liens in the order stated were pleaded by plaintiffs and the bank. Plaintiffs were in possession and had been for several years.

Charles L. Wood, life tenant, consented to partition and prayed for the recovery of the present worth of his life estate, which was stipulated to be $1,320.

Upon a trial of the cause a sale of the property was ordered and under directions of the court a referee sold it to Harry E. Sutton for $4,800. Confirmation of the sale followed.

Before the proceeds of the sale were distributed, the bank, by separate formal pleading, though admitting plaintiffs had the first lien for $2,277.21, alleged that, prior to its date October 12, 1931, they have been in exclusive possession of the premises "Under an oral agreement for the purpose of paying or reducing the amount of their judgment against Charles L. Wood." In this connection there was a prayer by the bank for an accounting by plaintiffs for net rents and profits and for the application thereof to payment *pro tanto* on their judgment.

The making of the oral agreement pleaded by the bank was denied by plaintiffs and upon a trial of that issue the district court found there was no such agreement and ordered application of the available proceeds of the sale to

the two judgment liens as follows: To the judgment of plaintiffs, $2,277.21; to the judgment of the bank, $74.14. The bank appealed.

Upon appeal the only issue of fact presented for consideration is the making of the oral agreement pleaded. The burden of proof was on the bank. An examination of the entire record leads to the conclusion that the pleadings and evidence, both oral and documentary, are insufficient to prove that plaintiffs or either of them entered into such an agreement with Charles L. Wood, owner of the life estate and of one-third of the fee. There are many inferences to the contrary. The alleged agreement, if made, antedated plaintiffs' judgment of October 12, 1931. Fraud on the part of plaintiffs in procuring and retaining possession is not charged or proved. The life tenant himself makes no claim to rents or profits or to part payment of the judgment against him. Without explanation the plea that rents and profits should be credited on a judgment is inconsistent with a first lien for the full amount of the judgment. The benefits of credits are claimed by one not a party to the oral contract. Plaintiffs' judgment exceeded the present worth of the life estate. The life tenant claimed the present worth of his life estate, but made no claim that rents and profits due him had not been paid. The plea of the oral agreement was not made in the bank's answer to the petition, though the bank in its first answer also sought partition. On the record as it stands the findings on appeal are the same as in the district court.

Rulings on evidence are criticized as erroneous, but they afford no ground for reversal in view of the conclusion reached on the issue of the oral agreement.

AFFIRMED.

PAINE, J., dissenting.

In my opinion the evidence does not support the decision rendered herein.